UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JUACELL BRITT,

    Plaintiff

v.

WASHOE COUNTY,

    Defendant

Case No.: 3:21-cv-00139-MMD-WGC

**Order**

Re: ECF No. 12

    Plaintiff initiated this action by filing a blank application to proceed *in forma pauperis* (IFP), and a blank complaint form, and then a document stating that while he was in the Washoe County Jail, he suffered injuries where both wrists were broken, and he pulled a muscle, and had an aneurism and multiple strokes. (ECF Nos. 1, 1-1, 1-2, 1-3.) That document contained an address on Monroe Street in Reno, Nevada. As a result, the court issued an order denying the blank IFP application without prejudice and directed the Clerk to send Plaintiff a copy of the instructions and IFP application for a *non-prisoner*, as well as a section 1983 civil rights complaint form and advisory letter. The court gave Plaintiff 30 days to file his completed IFP application or pay the full $402 filing and administrative fees, and to file a completed civil rights complaint. He was cautioned that a failure to do so would result in the dismissal of his action without prejudice. (ECF No. 6.)

    On April 26, 2021, Plaintiff filed an IFP application and the form complaint where he filled in his name and signed it, but provided no allegations or other details regarding any alleged constitutional violations. (ECF Nos. 8, 8-1.) Plaintiff then filed a notice of change of address indicating an address at the Washoe County Detention Facility (WCDF).

Since Plaintiff is now an inmate within the WCDF, the court ordered him to file a completed IFP application and financial certificate for an inmate as well as a completed civil rights complaint. (ECF No. 11.)

The court specifically advised Plaintiff that when an inmate seeks to proceed without prepaying the filing fee, in addition to the form and affidavit, the inmate is required to submit a certified copy of the trust fund account statement (or institutional equivalent) for the six-month period immediately preceding the filing of the complaint. The statement must be obtained from the appropriate official at the prison or detention facility where the prisoner is or was confined. 28 U.S.C. § 1915(a)(2).

An inmate who brings a civil action IFP is still required to pay the full amount of the filing fee over time. The court is required to assess, and when funds exist, collect an initial partial payment of 20 percent of the greater of: (A) the average monthly deposits in the prisoner's account or (B) the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint. Thereafter, whenever the inmate's account exceeds $10, the inmate must make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account until the filing fees are paid. The funds are to be forwarded by the agency having custody of the prisoner. 28 U.S.C. § 1915(b)(1), (2).

The regular filing fee is $402, consisting of the $350 filing fee and a $52 administrative fee. If an inmate does not qualify for IFP status, he must pay the full $402 filing fee. If the inmate qualifies for IFP status, the $52 administrative fee is waived, and the inmate will only pay the $350 filing fee over time.

On August 11, 2021, Plaintiff filed a short form application to proceed IFP. This is not on the court's IFP application form for *inmates*, and it does not include the required financial

certificate from the WCDF. Therefore, Plaintiff's IFP application at ECF No. 12 is **DENIED WITHOUT PREJUDICE**.

The Clerk shall **SEND** Plaintiff a copy of the instructions and application to proceed IFP for an *inmate*. Within **30 days** of the date of this Order, Plaintiff shall file the completed IFP application for an *inmate* and the required financial certificate, or pay the full $402 filing fee. The court notes that Plaintiff also filed a new complaint. (ECF No. 13.) Once Plaintiff has filed his completed IFP application and financial certificate or paid the filing fee, the court will screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) or 28 U.S.C. § 1915A, or both. Both require dismissal of a complaint, or any portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. If the complaint is dismissed on screening, there will be no refund of the filing fee, and an inmate proceeding IFP is still required to pay the $350 filing fee over time.

If Plaintiff fails to timely file a completed IFP application and financial certificate or pay the filing fee, this action will be dismissed without prejudice.

**IT IS SO ORDERED**.

Dated: August 16, 2021

_____
William G. Cobb
United States Magistrate Judge